UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| AKASH PAUL, | Civ. No. 14-5208 (KM) |
| Plaintiff *Pro Se*, | |
| v. | REPORT AND RECOMMENDATION |
| JOHN TSOUKARIS, | |
| Defendant. | |

**HAMMER, United States Magistrate Judge**

This matter comes before the Court on this Court's December 11, 2015 Order to Show Cause why Plaintiff Akash C. Paul's Complaint should not be dismissed for lack of subject matter jurisdiction. D.E. 30. On January 22, 2016, Plaintiff filed a response to the Order to Show Cause [D.E. 31], and on February 5, 2016, Defendant filed opposition to Plaintiff's response [D.E. 32]. Pursuant to Federal Rule of Civil Procedure 78, the Undersigned did not hear oral argument and has considered this matter on the papers. For the reasons below, the Court respectfully recommends that the District Court dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.

### I.      BACKGROUND

This dispute arises out of Plaintiff's termination from federal employment with the Department of Homeland Security ("DHS"), U.S. Immigration and Customs Enforcement (the "Agency"). On August 14, 2013, Deputy Field Office Director Ruben Perez wrote Plaintiff a letter proposing to remove Plaintiff from his position, and on November 8, 2013, Defendant John Tsoukaris, the Agency's Field Office Director, upheld Plaintiff's removal from the Agency. See

Perez Ltr., Aug. 14, 2013, Exh. A to Prop. Am. Compl. D.E. 15-1, at 17-19; Termination Ltr., Nov. 8, 2013, Exh. A to Prop. Am. Compl., D.E. 15-1, at 216-220. Plaintiff subsequently appealed his termination before the Merit Systems Protection Board ("MSPB"), which upheld the Agency's decision on March 25, 2014. See Prop. Am. Compl., D.E. 15, at ¶ 19. The MSPB denied Plaintiff's second appeal on July 23, 2014. See MSPB Decision, July 23, 2014, Exh. A to Prop. Am. Compl., D.E. 15-1, at 225-232.

On August 19, 2014, Plaintiff filed a Complaint against Tsoukaris, arguing that he was terminated by the Agency without consideration of the facts, and alleging that the Agency manipulated Plaintiff's documents and infringed on Plaintiff's privacy. See Complaint, Aug. 19, 2014, D.E. 1, at 2. On February 5, 2015, Plaintiff filed a motion to amend the Complaint to add additional individuals and entities as Defendants [D.E. 16]. Defendant opposed, and argued, inter alia, that the Court lacks jurisdiction to review compensation decisions made by the Secretary of Labor under the Federal Employees' Compensation Act. Def.'s Opp'n Ltr. Br., Mar. 2, 2015, D.E. 21, at 2 (relying on 5 U.S.C. § 8128(b)). On August 12, 2015, the Undersigned denied Plaintiff's motion to amend, and ordered Plaintiff to show cause "as to why this matter should not be dismissed for lack of subject matter jurisdiction given the allegations in his proposed Amended Complaint which: (i) challenge Plaintiff's award of FECA disability benefits, and (ii) appeal the MSPB's ruling confirming Plaintiff's termination[.]" Order, Aug. 12, 2015, D.E. 26.

On November 2, 2015, Plaintiff submitted a letter brief in response to the Court's August 12, 2015 Order. D.E. 29. However, Plaintiff failed to explain how the Court had jurisdiction over his claims. By Order dated December 11, 2015, the Undersigned again directed Plaintiff to

submit a letter brief showing cause as to why this matter should not be dismissed for lack of subject matter jurisdiction.  On January 22, 2016, Plaintiff submitted a letter brief in support of his Amended Complaint [D.E. 31].  On February 5, 2016, Defendant submitted a letter in support of dismissal of this case for lack of subject matter jurisdiction [D.E. 32].

## II.     LEGAL ANALYSIS

The Federal Rules of Civil Procedure not only permit the District Court to dismiss an action for lack of subject matter jurisdiction, they require it.  Federal Rule of Civil Procedure 12(h)(3) requires dismissal "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter."  Fed. R. Civ. P. 12(h)(3).  The burden of establishing that the federal court has subject matter jurisdiction rests on the party asserting it.  Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).  Accordingly, Plaintiff bears the burden of establishing that federal jurisdiction exists in this case.

Plaintiff has not carried his burden in this case.  The law is clear that any appeal of the MSPB's ruling confirming Plaintiff's termination must be brought in the Federal Circuit.  Rivera v. Mabus, 476 F. App'x 960, 961 (3d Cir. 2012); 5 U.S.C. § 7703.[1]  District courts have

---

[1] Section 7703(b) states, in relevant part:

(1) Except as provided in paragraph (2) of this subsection, a petition to review a final order or final decision of the [MSPB] shall be filed in the United States Court of Appeals for the Federal Circuit.

(2) Cases of discrimination subject ot the provision of [5 U.S.C. § 7702] shall be filed under [42 U.S.C. § 2000e-16(c)].

5 U.S.C. § 7703(b).

jurisdiction to hear appeals of MSPB rulings "only when appellants allege discrimination <u>and</u> [that] they could have appealed their terminations to the MSPB." <u>Id.</u> (emphasis in original). Although Plaintiff alleges that his termination was improper, he does not allege discrimination. To the contrary, Plaintiff's January 22, 2016 submission in response to the Court's Order to Show Cause claims that Plaintiff is a victim of fraud and misrepresentation, not discrimination, in his termination.  <u>See</u> Pl.'s Ltr., D.E. 31, at 2-3.  Therefore, there is no allegation of discrimination, and the Court lacks jurisdiction to review MSPB's decision to terminate Plaintiff.

Plaintiff also argues, in the alternative, that he does not seek judicial review over his award of Federal Employees' Compensation Act ("FECA") disability benefits, but that he sustained injury due to the "rash and negligent act of co-worker Mr. Celentano, Peter and the fraud, misrepresentation and concealment of facts done by the Agency by preparing the document, which includes altering CA1 document." Pl.'s Ltr., Jan. 22, 2016, D.E. 31, at 2. In fact, the only logical interpretation of this claim is that Plaintiff indeed seeks review of his benefits under FECA.  Plaintiff fails to allege what injury he has sustained from the alleged rash, negligent, and fraudulent acts.  Instead, Plaintiff merely contends that he has sustained injuries. However, Plaintiff also suggests that these alleged wrongful acts relate to the "wrongful decision," which the Court presumes to be the decision regarding his award of FECA disability benefits.  <u>See</u> Pl.'s Mot. to Amend to Add Parties, Feb. 5, 2015, D.E. 16.  Such judicial review is precluded under 5 U.S.C. §8128(b), which clearly states: "[t]he action of the Secretary or his designee in allowing or denying a payment under this subchapter is – (1) final and conclusive for all purposes and with respect to all questions of law and fact; and (2) not subject to review by another official of the United States or by a court by mandamus or otherwise." 5 U.S.C.

4

§8128(b).  Thus, "courts do not have jurisdiction to review FECA claims challenging the merits of benefit determinations."  <u>Markham v. United States</u>, 434 F.3d 1185, 1187 (9th Cir. 2006). "The clear language of the statute precludes jurisdiction over a challenge to the agency's factual determinations and even violations of clear statutory mandates."  <u>Kerrigan v. Chou</u>, 151 Fed. Appx. 129, 131 (3d Cir. 2005).  Accordingly, Plaintiff has failed to demonstrate subject matter jurisdiction.

### III.   CONCLUSION

For the reasons set forth above, the Undersigned respectfully recommends that the District Court dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.

The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 7.1(c)(2).


                                           s/ Michael A. Hammer
                                           UNITED STATES MAGISTRATE JUDGE

Date: February 17, 2016