UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AKASH PAUL, | : |
| | : Civ. No. 14-5208 (KM) |
| Plaintiff *Pro Se,* | : |
| | : |
| v. | : MEMORANDUM OPINION |
| | : ADOPTING REPORT AND |
| JOHN TSOUKARIS, | : RECOMMENDATION |
| | : |
| Defendant. | : |
| | : |
| | : |

**THIS MATTER** comes before the Court on the appeal of the plaintiff, Akash C. Paul, from the Report and Recommendation ("R&R") of Magistrate Judge Michael A. Hammer, filed February 17, 2016 (ECF No. 33), which found that the Court lacks subject matter jurisdiction over the Complaint. For the reasons stated herein, I will affirm the R&R and enter an order dismissing the Complaint for lack of jurisdiction.

**Background**

The Plaintiff alleges that on April 1, 2009, he was injured when working for the Department of Homeland Security, U.S. Immigration and Customs Enforcement (the "Agency"). (ECF No. 1 (Complaint, hereinafter "Compl.") at 1–2; *see also* ECF No. 34 ("R&R Objection") at 2.) Plaintiff alleges, and exhibits appended to the Complaint confirm, that the Agency initiated Plaintiff's filing of a claim for disability benefits under the Federal Employees' Compensation Act ("FECA") with the Office of Workers' Compensation Programs ("OWCP"). (Compl. 5–6; *id.* Ex. 9 (Form CA-1, Federal Employee's Notice of Traumatic Injury and Claim for Continuation of Pay/Compensation); *see also* R&R Objection at 2.)

Plaintiff avers that he applied for disability retirement with the Office of Personnel Management ("OPM") in October 2012 and that on May 13, 2013, OPM approved his claim for disability retirement on the basis of carpal tunnel

syndrome. (R&R Objection at 3.) According to Plaintiff, on November 8, 2013, the Agency terminated his employment without explanation. (*Id.*)

Plaintiff explains in his R&R Objection that he filed an appeal of his termination to the Merit System Protection Board ("MSPB"), before which he claimed that his termination letter "includes the forgery and concealment of fact and the injury sustained at work." (*Id.*) The MSPB affirmed the Agency's termination on March 25, 2014 (*see* Compl. at 8.; *see also* ECF No. 15 (Proposed Amended Complaint) at ¶ 19), and later denied Plaintiff's second appeal on July 23, 2014 (*see* Compl. Ex. 21 (*Paul v. Dep't of Homeland Security*, NY-0752-14-0076-I-1, July 23, 2014, MSPB Final Order).)

Plaintiff thereafter filed the Complaint in this action, naming as defendant John Tsoukaris, Field Office Director for the Agency. Plaintiff alleges in his Complaint that he was terminated from his position at the Agency without proper consideration of the facts, and also alleges that the Agency misrepresented, fabricated, or concealed facts, and infringed on Plaintiff's privacy. (*See* Compl. at 2.) Plaintiff also alleges in the Complaint that although OPM knew its disability determination was incorrect, it improperly deposited FECA disability benefits into Plaintiff's bank account, thus proving "the Agency is sharing [Plaintiff's] personal information to another Federal Government Agency without the Plaintiff's permission." (*Id.* at 9.)

Defendant submitted a letter on February 5, 2016, seeking dismissal of this action for lack of subject matter jurisdiction. (ECF No. 32.) In that letter, Defendant argued that this Court lacks subject matter jurisdiction because judicial review of Plaintiff's benefits under FECA is precluded under 5 U.S.C. § 8128(b). (*See id.* (citing *Lindahl v. Office of Personnel Mgmt.*, 105 S. Ct. 1620, 1627 n. 13 (1985).) Defendant further argued that an appeal of the final decision of the MSPB as to Plaintiff's terminated federal employment is properly taken only to the United States Court of Appeals for the Federal Circuit, unless the Plaintiff's appeal is based on discrimination and hence falls within the exception

2

of 5 U.S.C. § 7702. (*See id.* (citing *Rivera v. Mabus*, 476 Fed. App'x 960, 961 (3d Cir. 2012).)

**The R&R**

Magistrate Judge Michael A. Hammer's R&R concluded that this matter must be dismissed pursuant to Fed. R. Civ. P. 12(h)(3) because Plaintiff had not carried his burden to show that this Court has subject matter jurisdiction over his claims. Judge Hammer reasoned that binding precedent and federal statutes make it clear that appeal of the MSPB's ruling confirming Plaintiff's termination must be brought before the Federal Circuit—not this Court. *See Rivera v. Mabus*, 476 F. App'x 960, 961 (3d Cir. 2012); 5 U.S.C. § 7703. Judge Hammer explained that district courts have jurisdiction to hear appeals of MSPB rulings "only when appellants allege discrimination <u>and</u> [that] they could have appealed their terminations to the MSPB." (*See* ECF No. 33 ("R&R") at 3–4 (quoting *Rivera*, 476 F. App'x at 961 (emphasis in original, alteration in R&R).) *See King v. Reid*, 59 F.3d 1215, 1218 (Fed. Cir. 1995) ("Appealable actions are those agency actions expressly made appealable to the board by any law, rule, or regulation. *See* 5 U.S.C. § 1204(a)(1). These include, for example, adverse actions . . . and performance-based actions . . . , as well as agency actions made appealable to the board by regulation."). Because Plaintiff's allegations here sound only in fraud and misrepresentation, not discrimination, Judge Hammer concluded that this Court lacks subject matter jurisdiction to review Plaintiff's termination. (*Id.*)

Judge Hammer also considered Plaintiff's claim, clarified in a letter dated January 22, 2016 (ECF No. 31), that he sustained injuries when a colleague at the Agency committed a "rash and negligent act" against him, and that the Agency employed fraud, misrepresentation, and concealment of facts in its preparation of a "CA-1" document (through which a federal employee submits notice of traumatic injury and a claim for continuation of pay/compensation, *see* ECF No. 1-4; *see generally* https://www.dol.gov/owcp/dfec/regs/compliance/forms.htm). (R&R at 4 (quoting ECF No. 31 at 2).) Although Plaintiff denied that he was seeking judicial

3

review of his award of FECA disability benefits, Judge Hammer concluded that "the only logical interpretation of [Plaintiff's] claim is that Plaintiff indeed seeks review of his benefits under FECA." (R&R at 4.)

Judge Hammer determined that such review by this Court of benefits under FECA is also precluded under 5 U.S.C. § 8128(b), which states: "[t]he action of the Secretary or his designee in allowing or denying a payment under this subchapter is – (1) final and conclusive for all purposes and with respect to all questions of law and fact; and (2) not subject to review by another official of the United States or by a court by mandamus or otherwise." 5 U.S.C. §8128(b). *See Markham v. United States*, 434 F.3d 1185, 1187 (9th Cir. 2006) ("courts do not have jurisdiction to review FECA claims challenging the merits of benefit determinations."); *Kerrigan v. Chou*, 151 Fed. Appx. 129, 131 (3d Cir. 2005) ("The clear language of the statute precludes jurisdiction over a challenge to the agency's factual determinations and even violations of clear statutory mandates.").

Accordingly, Judge Hammer ruled that Plaintiff had failed to show that this Court has subject matter jurisdiction over his claims. (ECF No. 33 at 5.)

**Plaintiff's Objection to the R&R**

Plaintiff timely objected to the R&R within fourteen days of its filing and service. *See* Fed. R. Civ. P. 72(b); (R&R Objection (filed March 2, 2016)). Plaintiff's brief in objection reiterates the previously-alleged facts—essentially, that the Agency terminated his employment and Plaintiff's retirement disability was thereafter approved on the ground that Plaintiff suffers from carpal tunnel syndrome. The basis of Plaintiff's grievance seems to be that he should have been approved for disability retirement on the basis of a more severe medical condition, resulting from his injury at the hands of a coworker. Plaintiff also alleges that his removal from federal employment was tainted by irregularities, including "forgery and concealment of fact and the injury sustained at work by the rash and negligent act" of his former colleague. (R&R Objection at 4.) In his objecting brief, Plaintiff also stresses that he has never sought judicial review with respect to his FECA benefits. (*See, e.g.*, R&R Objection at 8 ("Plaintiff is NOT

4

seeking any judicial review on FECA benefits and promising that he will not claim for any FECA benefit in this . . . Litigation.").

Plaintiff's objecting brief reiterates that the issues before this Court are: 1) Plaintiff's termination "by the Agency without considering the facts"; 2) the Agency's "fraud, misrepresentation and concealment of facts" through manipulation of Plaintiff's documents; and 3) the Agency's infringement of Plaintiff's privacy by sharing details such as his Bank accounts with another agency of the federal government without his permission. (*Id.* at 6.)

Finally, Plaintiff's objecting brief complains that Defendant "did not raise[] the lack of Jurisdiction in this case, and agreed to amen[d] the complaint except OWCP director." (*Id.* at 12.)

Plaintiff asks that the Report and Recommendation of Judge Hammer be rejected and that Plaintiff be permitted to join additional co-defendants in the action, as set forth in his Proposed Amended Complaint. (*Id.* at 12.)

## Discussion

Because this R&R is primarily an application of law to the face of the complaint, this Court reviews it *de novo*, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b)(3). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see generally U.S. v. Raddatz*, 447 U.S. 667, 680 (1980) (stating that the district court judge has broad discretion in accepting or rejecting the magistrate's recommendation).

Having completed my own review, I am in agreement with the thorough and well-reasoned Report and Recommendation filed by Magistrate Judge Hammer. I accept his conclusions and adopt his recommendation.

First, I agree with Judge Hammer's conclusion that Plaintiff must seek review of the MSPB's determination before the Court of Appeals for the Federal Circuit because Plaintiff has not alleged discrimination within the meaning of the exception in 5 U.S.C. § 7702: *i.e.,* discrimination prohibited by section 717 of the Civil Rights Act of 1964, section 6(d) of the Fair Labor Standards Act of 1938,

section 501 of the Rehabilitation Act of 1973, sections 12 and 15 of the Age Discrimination in Employment Act of 1967, or "any rule, regulation, or policy directive prescribed under any provision of law" under these Acts. 5 U.S.C. § 7703(a)(1)(B); *see Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 780, 105 S. Ct. 1620, 1627 (1985) ("we conclude that MSPB decisions concerning retirement disability claims are reviewable in the first instance by the Federal Circuit pursuant to the jurisdictional grants in 5 U.S.C. § 7703(b)(1) and 28 U.S.C. § 1295(a)(9).38."); *Rivera v. Mabus*, 476 F. App'x 960, 961 (3d Cir. 2012) ("§ 7702 vests district courts with jurisdiction to hear appeals from MSPB rulings only when appellants allege discrimination *and* they could have appealed their terminations to the MSPB."); *see also Hunter v. Filip*, 788 F. Supp. 2d 336, 346 (D.N.J. 2011), *aff'd*, 514 F. App'x 206 (3d Cir. 2013) ("For a 'mixed appeal' in which the plaintiff alleges both a claim appealable to the MSPB and a claim of discrimination or reprisal, the case may be brought before a federal district court.").[1]

Additionally, like Judge Hammer, I find that the only logical way to interpret Plaintiff's alternative claim—essentially a disagreement with the factual

---

[1]     The MSPB's final order indicates that Plaintiff claimed before the MSPB that the Agency "discriminated against him on the basis of disability when it removed him," but that an administrative judge found Plaintiff had "failed to prove disability discrimination." (Compl. Ex. 21 (*Paul v. Dep't of Homeland Security*, NY-0752-14-0076-I-1, July 23, 2014, MSPB Final Order at 3–7).) On review, the MSPB agreed, explaining that Plaintiff "is not a qualified individual with a disability under 5 C.F.R. § 1630.2(m)," and at any rate, never requested reasonable accommodation for his alleged disability despite being given the opportunity to do so. (*Id.*) The MSPB's final order included a notice of Plaintiff's further review rights that explained Plaintiff could request review of the MSPB final decision by the Equal Employment Opportunity Commission or by filing "a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court." (*Id.* at 8.) It is true that mixed discrimination and non-discrimination claims may be brought in a district court action. *See supra*. Here however, as Judge Hammer correctly noted, Plaintiff has not alleged discrimination at all: "To the contrary, Plaintiff's January 22, 2016 submission in response to the Court's Order to Show Cause claims that Plaintiff is a victim of fraud and misrepresentation, not discrimination, in his termination." (R&R at 4.) *Meehan v. U.S. Postal Serv.*, 718 F.2d 1069, 107374 (Fed. Cir. 1983) (where no issue of discrimination was raised on appeal to the Federal Circuit, the case involved only nondiscrimination issues for purposes of 5 U.S.C. § 7702 and the Federal Circuit had exclusive jurisdiction).

findings supporting his FECA award—is that it seeks to appeal the determination awarding him FECA benefits, which he regards as inadequate. (R&R at 4.) A Federal Tort Claims Act ("FTCA") claim would be the only conceivable statutory avenue for suing the federal agencies implicated in Plaintiff's claims of fraud and misrepresentation. But a Plaintiff who has received benefits under FECA for an injury sustained during the course of his employment is precluded from suing the United States under the FTCA. FECA embodies a tradeoff: "employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government." *Elman v. United States*, 173 F.3d 486, 489 (3d Cir. 1999) (quoting *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 103 S.Ct. 1033 (1983)) (employee who collected benefits under FECA could not subsequently bring suit for damages against government employer under FTCA).

Finally, I agree with Judge Hammer's conclusion that review of Plaintiff's FECA benefit determination is otherwise precluded by statute. 5 U.S.C. § 8128(b) states that the "action of the Secretary of Labor or his designee in allowing or denying a payment" made to compensate a claimant for a work injury is "(1) final and conclusive for all purposes and with respect to all questions of law and fact; and (2) not subject to review by another official of the United States or by a court by mandamus or otherwise." *See also Kerrigan v. Chou*, 151 Fed. Appx. 129, 131 (3d Cir. 2005) ("The clear language of the statute precludes jurisdiction over a challenge to the agency's factual determinations and even violations of clear statutory mandates.").

"[A] general consensus exists that jurisdiction is not precluded when a plaintiff alleges a 'substantial' constitutional claim." *Kerrigan v. Chou*, 151 F. App'x 129, 131 (3d Cir. 2005). Nevertheless, a party asserting a substantial due process claim "must identify a protected property interest and show that he was not provided with pre-termination notice and an opportunity to be heard." *Id.* Plaintiff does not expressly allege that his constitutional rights were violated.

7

Even construing this pro se pleading with liberality, *see Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013) I cannot find such a claim.

Plaintiff's receipt of disability benefits (he receives them, but seems to dispute the basis for them) may well be a protected property interest. But Plaintiff cannot show that he was deprived of due process with respect to his benefits. His own submissions demonstrate that he was afforded all necessary due process protections, including notice and an opportunity to be heard. These include a letter dated August 14, 2013, in which the Agency's Deputy Field Office Director informed Plaintiff that he was subject to possible removal on the basis of an inability to perform his job due to injury, and invited him to submit evidence and challenge the proposed removal (Compl. Ex. 1); several letters submitted by Plaintiff in reply, and a transcript of a hearing in which Plaintiff was given the opportunity to orally respond to the August 14, 2013 proposed removal (*id.* Exs. 2–3); a November 8, 2013 final determination letter from the Agency informing Plaintiff of his termination and outlining several appeal and grievance procedures (*id.* Ex. 18); and a final order of the MSPB dated July 23, 2014, denying Plaintiff's petition for review (*id.* Ex. 21).

In short, Plaintiff has not alleged a viable due process claim. *See Kerrigan*, 151 F. App'x at 132 (where beneficiary was given notice of possible termination, opportunity to submit evidence and challenge the possible action, and a right to an oral or written evidentiary hearing, he did not assert a "substantial, cognizable due process claim," and allegations of falsified evidence were also not enough to state a due process claim where these procedures were afforded).

Finally, I consider Plaintiff's allegations that his privacy was infringed. Plaintiff alleges only that OPM's disbursement of $41,091.28 into Plaintiff's checking account constituted an invasion of privacy. Plaintiff admits, however, that he provided his bank account information to the Agency "at the time of hiring," and that he also provided bank account information on forms submitted in connection with his claim for disability retirement. (*See* Compl. at 6–9.) The disbursing agency's use of Plaintiff's bank account information to directly

deposit funds is merely a necessary administrative step in awarding FECA benefits. Plaintiff has not alleged any facts surrounding this ordinary administrative transaction that would form the basis for any colorable privacy claim. *See Mala*, 704 F.3d at 245 ("[P]ro se litigants still must allege sufficient facts in their complaints to support a claim.").

Finally, Plaintiff's objection to the Court's *sua sponte* order to show cause based on lack of subject matter jurisdiction ignores the well-established rule that a federal court is obligated at all times to satisfy itself that it has subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Huber v. Taylor*, 532 F.3d 237, 249 (3d Cir. 2008) (A court "should not dismiss a complaint without first giving the plaintiff an opportunity to respond," but "a court may, indeed must, *sua sponte* raise matters affecting the court's subject matter jurisdiction.")

**Conclusion**

In sum, I agree with the R&R's conclusion that this court lacks subject matter jurisdiction over Plaintiff's claims. The R&R is affirmed, and the Court will enter a separate order dismissing the complaint for lack of jurisdiction.

HON. KEVIN MCNULTY
United States District Judge

DATED: November 15, 2016

9